## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| _____ ) | |
| **JONATHAN STEWART** ) | **Case Number** |
| ) | |
| **Plaintiff** ) | |
| ) | **CIVIL COMPLAINT** |
| **vs.** ) | |
| ) | |
| **XRIMZ, LLC** ) | |
| **AND** ) | **JURY TRIAL DEMANDED** |
| **FIRST CHOICE FINANCIAL,** ) | |
| **INC. a/k/a 1ˢᵗ CHOICE** ) | |
| **FINANCIAL, INC.** ) | |
| ) | |
| **Defendant** ) | |
| _____ ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Jonathan Stewart, by and through his undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

## I.  INTRODUCTORY STATEMENT

1.     Plaintiff, Jonathan Stewart, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA") and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 et seq.

("UTPCPL"), which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices and other state applicable state laws.

## II.   JURISDICTION

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1332.

3.      Venue in this District is proper in that the Plaintiff resides in this District.

## III.   PARTIES

4.      Plaintiff, Jonathan Stewart, is an adult natural person residing at 131 North Meade Street, Wilkes Barre, PA 18702.  At all times material and relevant hereto, Plaintiff is a "Person" as defined by the 73 P.S. § 201-1 et seq.

5.      Defendant, XRimz, LLC ("Defendant, XRimz"), at all times relevant hereto, is and was a Limited Liability Corporation engaged in the business of selling automobile parts and accessories, namely custom automobile wheels and other related products, within the Commonwealth of Pennsylvania with their principal place of business located at 515 Electric Road, Salem, VA 24153.

6.      Defendant, First Choice Financial, Inc. a/k/a 1st Choice Financial, Inc. ("Defendant, FCF"), at all times relevant hereto, is and was a Corporation engaged in the business of providing financing options for automobiles and automobile accessories, including but not limited to financing for customers of XRimz, LLC, within the Commonwealth of Pennsylvania with their principal place of business located at 515 Electric Road, Salem, VA 24153.

7.     Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the 73 P.S. § 2270.1 et seq.

## FACTUAL ALLEGATIONS

5.     On or around August 4, 2010, the Plaintiff purchased a set of automobile wheels from the Defendant, XRimz, for the amount of $2,556.00 and financed the cost through the Defendant, FCF.

6.     After the Plaintiff received the wheels, the Plaintiff contacted the Defendant, XRimz informing them that he no longer wanted the purchased wheels since the Plaintiff's financial situation had changed.  The Defendant, XRimz, told the Plaintiff that the Plaintiff could not return the purchase and that the Plaintiff must pay for them or the Defendant, XRimz would file a lawsuit.

7.     The Plaintiff did make a payment by money order as demanded by the Defendants.

8.     The Defendants made several attempts to take funds out of the Plaintiff's bank account without the Plaintiff's authorization.

9.     The Defendants began harassing the Plaintiff the day after the Plaintiff's first missed payment.  The Defendant, XRimz, contacted the Plaintiff by phone claiming to be police officers and that if the Plaintiff did not pay, the Plaintiff would be arrested and sent to jail.

10.     The Plaintiff told the Defendant, XRimz, that the Plaintiff could not afford to make a payment at that time.

11.     The Defendant, XRimz, then began to relentlessly contact the Plaintiff via harassing phone calls from the Defendant's employess, "Talieitha Shareef," "Ken Dudley," "Terry Hale," "Robert Cunningham," and "Vanessa" along with text messages that were beyond abusive and degrading.

12.     On or around October 6, 2010, the Defendant, XRimz called the Plaintiff eight times and again pretended to be the Virginia Police conducting an investigation on the Plaintiff.

13.     During one phone call on the aforementioned date, the Defendant, XRimz's employee, "Robert Cunningham" told the Plaintiff that the Plaintiff was, "a worthless scumbag and should die."  The Plaintiff responded by telling the Defendant, "that's not funny, when I was three years old my father committed suicide and I found him hanging in the kitchen."

14.     On the above mentioned date, the Plaintiff also received multiple texts from the Defendants threatening and falsely accusing the Plaintiff of committing "mail order fraud."

15.     On October 6, 2010 at 4:59 pm, despite the previous conversation the Plaintiff had with the Defendant, XRimz about his father, the Plaintiff received a text message from the Defendant's employee stating, "Jonathan, you are nothing more than a common thief you are a disgrace to society you should go hang yourself.  If you got a parent that is on the force then imagine when internal affairs gets a hold of this and know that his son is a scam artist. You piece of crap."

16.     On October 6, 2010 at 5:00 pm, the Plaintiff received another text message from the Defendant, Xrimz's employee that read, "man go to the nearest bridge and jump."

17.     On October 6, 2010 at 5:23 pm, the Plaintiff received a third text message from another employee of the Defendant, XRimz saying, "that was not me that was my co worker I do not talk like that I am going to deal with you in courts it's better that way I am going to watch you go to jail federal at that for mail order fraud.  You and all of your references I love this type of case the judge does not take to kindly on scam artists.  You and every reference you gave will be charged."

18.     On October 6, 2010 at 5:35, the Plaintiff received a fourth text message from the Defendants stating, "1st Choice Financial and XRimz, LLC we have begun the legal process to retrieve our wheels.   Your account is also under investigation for FRAUD---obtaining merchandise under false or bogus pretenses---for more information call 800-969-7370 ext. 128.  Several attempts have been made to try and contact you in regards to your delinquent account due to the lack of communication.  Legal action has begun.  Once judgment is awarded a garnishment of wages @ 25% per pay period will begin until the balance is paid in full also the wheels will be picked up as well. 800-969-7370 ext. 128---your account is also under investigation for FRAUD---obtaining merchandise under false or bogus pretenses—for more information call 800-969-7370 ext. 128."

19.     On October 6, 2010, at 5:47 pm, the Plaintiff received a fifth text from the Defendant, XRimz that read, "What type of morals and values are you teaching your kids

you are showing them it's ok to commit crimes and to steal.  God will take care of you more than we can, he sees everything."

20.     On October 6, 2010 at 5:48 pm, the Defendant, Xrimz's employee "Vanessa" texted the Plaintiff stating, "This is Vanessa@XRimz, your account is past due, please call to remit payment immediately!  Thank you!"

21.     The Plaintiff received several earlier texts and phone calls from the Defendant.  In one of the earlier texts, the Defendant, XRimz threatened to, "Come whoop that ass whiteboy."

22.     The Defendant, XRimz's employee also called the Plaintiff a "scumbag" during another phone conversation.

23.     The Defendants knew or should have known that their actions violated the PA FCEUA and the PA UTPCPL.  Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the PA FCEUA AND THE PA UTPCPL, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

24.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

25.     At all times pertinent hereto, the conduct of Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

26.     As a result of Defendants' conduct, the Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of

privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I – PA FCEUA
### PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

27.     Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

28.     The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL").  Defendants are creditors pursuant to 73 Pa. C.S. § 2270.3.

29.     The alleged debt Defendants were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

30.     The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

31.     The actions of Defendants, as aforesaid, constitute false, misleading or deceptive representations.

32.     As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

33.     By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in his favor and against Defendants in an amount in excess of $75,000 and Order the following relief:

a.     Actual damages;

b.     Treble damages;

c.     An award of reasonable attorneys fees and expenses and costs of court; and

d.     Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT II – PA UTPCPL

### PENNSYLVANIA UINIFORM TRADE PRACTICES & CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

34.     The foregoing paragraphs are incorporated herein by reference.

35.     Plaintiff and Defendants are "Persons" to 73 Pa. C.S § 201-2.

36.     The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

37.     The action of Defendants, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a.    Defendants misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b.    Defendants engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c.    Defendants failed to comply with the FCEUA which is a _per se_ violation of the UTPCPL.

38.    As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

39.    By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in his favor and against Defendants in an amount in excess of $75,000 and Order the following relief:

a.    An Order declaring that Defendants violated the UTPCPL;

b.    Actual damages;

c.    Treble damages;

d.    An award of reasonable attorney's fees and expenses and cost of suit; and

e.    Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT III
## EMOTIONAL DISTRESS INTENTIONALLY INFLICTED

40.     Plaintiff restates each and every allegation numbered above.

41.     The actions of the Defendants described were extreme and outrageous.

42.     The actions of the Defendants were intentional to embarrass, degrade, scare, humiliate and coerce Plaintiff to make payment.

43.     The proximate cause of Plaintiff's emotional distress was the actions of the Defendants.

**WHEREFORE**, Plaintiff seeks judgment against the Defendants for an amount including the reimbursement of costs, reimbursement of interest, plus costs of suit and attorney fees. Plus punitive damages up to $350,000.00 or five (5) times the compensatory damages; whichever is greater.

## COUNT IV
## INVASION OF PRIVACY/FALSE LIGHT

44.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

45.     The above actions of Defendants, XRimz, LLC and First Choice Financial, Inc. violated Plaintiff's right of privacy by impermissibly revealing to others Plaintiff's most private information and placing the Plaintiff in a false light before the eyes of others, including but not limited to family, friends and the general public.

46.     By such unauthorized invasion and circulation of Plaintiff's name, information and financial issues, Defendants invaded Plaintiff's right to privacy, subjected Plaintiff to ridicule and contempt, injured Plaintiff's personal esteem, reflected

disgracefully on Plaintiff's character, diminished Plaintiff's high standing, reputation and good name among family, friends, neighbors and business associates, destroyed Plaintiff's peace of mind and caused Plaintiff severe mental and emotional distress.

47.     The conduct of Defendants, XRimz, LLC and First Choice Financial, Inc. were the direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted by law.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date:  October 15, 2010**          **BY:  _/s/  Brent F. Vullings_**
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800    Fax 215-745-7880
Attorney for Plaintiff