# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN STEWART,  Plaintiff, | NO. 3:10-CV-2147 |
| v. | (JUDGE CAPUTO) |
| XRIMZ, LLC and FIRST CHOICE FINANCIAL, INC. a/k/a 1st CHOICE FINANCIAL, INC.  Defendants. | |

## MEMORANDUM ORDER

Presently before the Court is plaintiff's complaint, which insufficiently alleges the diversity of the parties. (Doc. 1.) Because the complaint fails to adequately plead the existence of subject matter jurisdiction, the action will be dismissed.

Plaintiff filed a complaint against defendants for violations of state law. (Doc. 1.) The complaint invokes this Court's jurisdiction under 28 U.S.C. § 1332, the diversity jurisdiction statute.

The complaint describes the plaintiff as "residing at 131 North Meade Street, Wilkes Barre, 18702." (Doc. 1.) The complaint then describes defendant XRimz, LLC as a "Limited Liability Corporation (sic) engaged in the business of selling automobile parts and accessories...within the Commonwealth of Pennsylvania with their principle place of business located at 515 Electric Road, Salem, VA 24153." (Id.) Defendant First Choice Financial is described as a "[c]orporation engaged in the business of providing financing options for automobiles . . . within the Commonwealth of Pennsylvania with their principle

place of business at 515 Electric Road, Salem, VA 24153." (Id.)

Federal courts are courts of limited jurisdiction. Jurisdiction must be properly alleged to be invoked. Under the diversity jurisdiction statute, 28 U.S.C. § 1332, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." When diversity of citizenship provides the grounds for federal jurisdiction, "the pleadings should affirmatively disclose that such diversity exists." *Osthaus v. Button*, 70 F.2d 392, 392 (3d Cir. 1934). Complete diversity must exist between the adverse parties in the action; that is, the citizenship of each plaintiff must be diverse from that of each defendant. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978), 373–74 (1978).

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619 (1914). In contrast, corporations may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). LLCs, on the other hand, are treated as partnerships for diversity purposes, meaning that their citizenship is determined by the citizenship of all its members. *Kalian at Poconos, LLC v. Saw Creek Estates Cmty. Ass'n*, 275 F.Supp. 2d 578, 586 (M.D. Pa. 2003).

2

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999). Here, the complaint fails to properly plead the existence of subject matter jurisdiction.

The complaint fails to adequately allege diversity of citizenship. *See S. Freedman & Co., Inc. v. Raab*, 180 Fed. App'x 316, 320 (3d Cir. 2006) (quoting *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982) ("In order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business.")).

First, the plaintiff fails to allege in which state he has citizenship. The Court is informed of the states in which the plaintiff is "residing." Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (internal citations omitted).

Second, plaintiff fails to allege the citizenship of all members of the defendant Xrimz LLC.

Third, regarding defendant First Choice Financial, plaintiff fails to properly allege their state(s) of citizenship. Plaintiff properly alleges defendant's principle place of business, but failed to allege defendant's state of incorporation.

As it currently stands, the complaint fails to show the existence of subject matter jurisdiction. The plaintiff is directed to file an amended complaint within twenty-one (21) days sufficiently alleging jurisdiction. The plaintiff is further advised that failure to respond in the

3

manner explained above will result in the dismissal of his complaint.

**NOW**, this   26th   day of October, 2010, **IT IS HEREBY ORDERED THAT** the plaintiff will have twenty (21) days from the date of this Order to **PROPERLY ALLEGE JURISDICTION** so that this Court may determine whether complete diversity of citizenship exists between the parties.

       /s/ A. Richard Caputo
      A. Richard Caputo
      United States District Judge