# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JONATHAN STEWART,

    Plaintiff,

CIVIL ACTION NO. 3:10-CV-2147

(JUDGE CAPUTO)

XRIMZ, LLC and FIRST CHOICE
FINANCIAL, INC., a/k/a 1st CHOICE
FINANCIAL, INC.

    Defendants,

## MEMORANDUM

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 10.) For the reasons stated below, the Motion will be granted in part and denied in part.

## BACKGROUND

Plaintiff's Complaint alleges as follows.

Plaintiff Stewart is a citizen of Pennsylvania currently residing at 131 North Meade Street, Wilkes Barre, PA. Defendant XRimz, LLC, is a Limited Liability Corportation who has as its sole member Burton L. Albert, who is a citizen of Virginia. XRimz's business is the selling of automobile parts and accessories, particularly custom automobile wheels and related parts. Defendant First Choice Financial, Inc., a/k/a 1st Choice Financial, Inc. is a Virginia corporation with its principal place of business in Virginia. Defendant First Choice Financial is engaged in the business of collecting consumer debts via the telephone and mail.

On or around August 4, 2010, Plaintiff purchased a set of automobile wheels from Defendant XRimz for the amount of two-thousand five-hundred and fifty-six dollars

($2,556.00). Plaintiff financed the purchase through Defendant First Choice Financial. After receiving the wheels, Plaintiffs contacted Defendant XRimz and told them that his financial situation had changed and that he no longer wanted the wheels. Defendant XRimz told Plaintiff he could not return them and that if they were not paid for in full, XRimz would file suit. Plaintiff made one payment by money order. "Defendants" then began harassing the Plaintiff the day after Plaintiff missed his next payment. Defendant XRimz contacted Plaintiff by phone pretending to be police officers and told Plaintiff he would be arrested if he did not pay what was owed on the wheels. Defendant XRimz then began "relentlessly" contacting Plaintiff through a series of harassing phone calls. Defendant XRimz's employees, "Talieitha Shareef," "Ken Dudley," "Terry Hale," "Robert Cunningham," and "Vanessa" all contacted Plaintiff and left text messages. On or around October 6, 2010, Defendant XRimz called Plaintiff eight times pretending to be Virginia police investigating the Plaintiff. During one of the phone calls on that date, "Robert Cunningham" told Plaintiff he was a "worthless scumbag" and "should die." Defendants also sent Plaintiff a number of text messages accusing the Plaintiff of "mail order fraud." Also on October 6, 2010, at 4:59 P.M., an XRimz employee texted Plaintiff and told him: "you are nothing more than a common thief you are a disgrace to society you should go hang yourself." Plaintiff received another text message at 5:00 P.M. from an XRimz employee telling him to "go to the nearest bridge and jump off." At 5:35, Plaintiff received a text message from Defendants stating that XRimz and First Choice Financial had begun legal proceedings to retrieve the wheels, that Plaintiff was under investigation for fraud, and that the wheels would be repossessed and Plaintiff's wages garnished until the balance on the wheels had been paid. Plaintiff also received "earlier" texts in which Defendants called him a "scumbag" and

2

threatened to "whoop that ass whiteboy."

Plaintiff filed his initial Complaint on October 18, 2010. (Doc. 1.) Plaintiff did not plead subject-matter jurisdiction properly, and was directed by the Court to re-file a properly amended complaint. Plaintiff then filed his Amended Complaint on October 28, 2010. (Doc. 3.) In his Amended Complaint, Plaintiff brings claims against Defendants for: violation of the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA") (Count I); violation of the Pennsylvania Uniform Trade Practices & Consumer Protection Law ("UTPCPL") (Count II); Intentional Infliction of Emotional Distress (Count III); and Invasion of Privacy\False Light (Count IV). Defendants filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) on December 30, 2010. (Doc. 10.) The Motion has been briefed by both sides and is ripe for review.

## **LEGAL STANDARDS**

### I.  **Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In

3

light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately

prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**II.     Fed. R. Civ. P. 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A motion to dismiss under Rule 12(b) (1) therefore challenges the power of a federal court to hear a claim or case. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir.2006). In the face of a 12(b)(1) motion, the plaintiff has the burden to "convince the court it has jurisdiction." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir.2000); *see also Kehr Packages v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.1991) ("When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion.").

Motions under Rule 12(b)(1) may take one of two forms. A "facial" attack "contests the sufficiency of the pleadings." *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir.2009) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 187-88 (3d Cir.2006)). The court assumes the veracity of the allegations in the complaint but must examine the pleadings to ascertain whether they present an action within the court's jurisdiction. *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir.2007). The court should grant such a motion only if it appears with certainty that assertion of jurisdiction would be improper. *Empire Kosher Poultry, Inc. v. United Food & Commercial Workers Health & Welfare Fund of Ne. Pa.*, 285 F.Supp.2d 573, 577 (M.D.Pa.2003); *see also Kehr Packages*, 926 F.2d at 1408-09. If the complaint is merely deficient as pleaded, the court should grant leave to amend before dismissal with prejudice.

*See Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir.2000).

In contrast, a "factual" attack argues that, although the pleadings facially satisfy jurisdictional prerequisites, one or more of the allegations is untrue, rendering the controversy outside the court's jurisdiction. *Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir.2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977). In such circumstances, the court is both authorized and required to evaluate the merits of the disputed allegations because "the trial court's ... very power to hear the case" is at issue. *Mortensen*, 549 F.2d at 891; *see also Atkinson*, 473 F.3d at 514. In the motion sub judice, the government presents a facial attack on the court's subject matter jurisdiction; the court will analyze the contested claim accordingly.

## DISCUSSION

### I. Defendant's Fed. R. Civ. P. 12(b)(1) Motion

Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) will be denied.

28 U.S.C.A. § 1332(a) states: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . .." For purposes of diversity jurisdiction, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Onyiuke v. Cheap Tickets, Inc.*, No. 09-891, 2009 WL 5218064 at *3 (D.N.J. Dec. 31, 2009) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). To justify dismissal for lack of subject matter jurisdiction, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* at *3 (quoting *St. Paul Mercury Indem. Co.*, 303 U.S. at 289). Furthermore, "[i]n determining the amount in controversy, claims for punitive damages generally must be

6

included in the computation." *Carlough v. Amchem Prod., Inc.*, 834 F. Supp. 1437, 1457 (E.D. Pa. 1993) (citing *Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943)).

Here, Defendants claim that the amount in controversy requirement has not been met. This is equivalent to a "facial" attack on Plaintiff's pleadings. Plaintiff has brought suit under an array of state common and statutory laws, including the FCEUA, the UTPCPL, and intentional infliction of emotional distress. While the initial debt was only two-thousand five-hundred and fifty-six dollars ($2,556.00), Plaintiff is seeking treble damages and attorney's fees on his FCEUA and UTPCPL claims. Plaintiff is also seeking punitive damages relating to his intentional infliction of emotional distress claim of up to three-hundred and fifty-thousand dollars ($350,000) or five times the compensatory damages, whichever is greater. While that figure is certainly extremely high given the facts presented in the Complaint, Defendants haven't shown that the Plaintiff's claims were not brought in good faith or demonstrated to a legal certainty that Plaintiff's claims are really for less than the jurisdictional amount.

**II.    Plaintiff's FCEAU Claim**

Plaintiffs' FCEAU claim will not be dismissed.

The Fair Debt Collection Practices Act ("FDCPA") provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors. *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 400 (3d Cir.2000) (citing *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1167 (3d Cir.1987)). The FDCPA prohibits debt collectors from harassing or abusing debtors, or using of "false, deceptive, or misleading representations" in connection with the collection of a debt. 15 U.S.C.A. § 1692d and 1692e. It defines "debt collector" as "any person who uses any instrumentality

7

of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.A. § 1692a. The FCEAU is "Pennsylvania's analogue" to the FDCPA and it applies to both debtors and creditors. *Gigli v. Palisades Collection, LLC*, No. 3:CV-06-1428, 2008 WL 3853295 at \*11 (M.D. Pa. Aug. 14, 2008). The FCEAU states that it is a violation of the FCEAU for a debt collector to violate any provision of the FDCPA. 73 P.S. § 2270.4(a). With respect to creditors, the FCEAU specifically prohibits harrassing or abusing the debtor or using false or misleading representations in connection with the collection of a debt. 73 P.S. § 2270.4(b)(4) and (5).

Here, Plaintiff claims that the Defendant XRimz's employees made a series of harassing and abusive phone calls and sent a number of abusive text messages to Plaintiff while attempting to collect the outstanding balance on the wheels purchased by Plaintiff. The employees also called Plaintiff pretending to be police officers and told Plaintiff he was under investigation for fraud. The alleged behavior of the XRimz employees, as debt collectors, falls squarely within the practices prohibited by the FDCPA and FCEAU. Because Plaintiff alleges that the employees were working as the agents for and under the direction of Defendant First Choice Financial, it would also liable for the use of these practices under the FCEAU.

### III. Plaintiff's UTPCPL Claim

Plaintiff's UTPCPL claim will be dismissed because Plaintiff has not pled reliance.

The UTPCPL prohibits any person from engaging in "[u]nfair methods of competition and unfair or deceptive acts or practices," 73 P.S. § 201-3, and provides a non-exhaustive

8

list of specific forbidden acts, *Id*. § 201-2(4). The Pennsylvania Supreme Court has instructed that courts "construe [the statute] liberally to effect its object of preventing unfair or deceptive practices." *Creamer v. Monumental Properties Inc.*, 459 Pa. 450 (1974). The statute further makes available a private cause of action for "[a]ny person who purchases or leases goods or services ... and thereby suffers any ascertainable loss ..., as a result of the use or employment by any person of a method, act or practice declared unlawful." 73 P.S. § 201-9.2(a). Because the loss must occur "as a result" of unlawful conduct under the UTPCPL, "a private plaintiff pursuing a claim under the statute must prove justifiable reliance" on the unlawful conduct, not merely that the wrongful conduct caused plaintiff's injuries. *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 221 (3d Cir.2008); *see also Yocca v. Pittsburgh Steelers Sports, Inc.*, 578 Pa. 479 (2004) (holding that for any UTPCPL claim plaintiff must show that he (1) "justifiably relied on [a] defendant's wrongful conduct or representation" and (2) "suffered harm as a result of that reliance"). Moreover, "a plaintiff bringing an action under the UTPCPL must prove ... reliance and causation with respect to *all* subsections of the UTPCPL," upon which plaintiff brings a claim. *Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 136 (3d Cir.2005) (emphasis added) (citing *Weinberg v. Sun Co.*, 565 Pa. 612 (2001)).

Here, Plaintiff alleges that Defendants misrepresented at various points that they were police officers investigating Plaintiff and that Plaintiff was going to go to jail for fraud, along with other false representations. However, the Amended Complaint contains no allegations that Plaintiff relied on these misrepresentations or that he suffered any loss as a result of his reliance on these misrepresentations. As a result, this claim will be dismissed.

9

### IV. Plaintiff's Intentional Infliction of Emotional Distress

Plaintiff's Intentional Infliction of Emotional Distress claim will be dismissed.

"To prove a claim of intentional infliction of emotional distress, the following elements must be established: (1) the conduct must be extreme and dangerous; (2) it must be intentional or reckless; (3) it must cause emotional distress; (4) that distress must be severe." *Hoy v. Angelone*, 456 Pa.Super. 596 (1997). Extreme and outrageous conduct is conduct which is "so outrageous in character, and so extreme in degree, as to go beyond all possibly bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society." *Strickland v. Univ. of Scranton*, 700 A.2d 979, 987 (Pa. Super. Ct.1997). Generally, "the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'outrageous'!" *Id.* Furthermore, "in order to state a claim under which relief can be granted for the tort of intentional infliction of emotional distress, the plaintiffs must allege physical injury." *Hart v. O'Malley*, 436 Pa. Super. 151 (1994); *see also Mann v. Brenner*, No. 1:06-cv-1715, 2008 WL 4491950, at *7 (M.D.Pa. Sept.30, 2008).

Here, while Defendants' alleged conduct was clearly quite crude, Plaintiff has not pled any physical injury stemming from the alleged phone calls. As a result, Plaintiff has failed to allege that the distress caused by the calls and texts was sufficiently severe to survive a motion to dismiss.

### V. Plainitiff's Claim for False Light Invasion of Privacy

Plaintiff's Claim for False Light Invasion of Privacy will be dismissed because Plaintiff has not alleged that the comments Defendants allegedly made about him were publicized.

Under Pennsylvania law, the tort of false light invasion of privacy is defined as:

> [o]ne who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of

his privacy, if (a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

*Curran v. Children's Serv. Ctr. of Wyoming County, Inc.*, 578 A .2d 8, 12 (Pa.Super.1990) (quoting Restatement (Second) of Torts § 652E). "Publicity," as an element of the tort of invasion of privacy, "means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." *Curran,* 578 A.2d at 12 (quoting Restatement (Second) of Torts, § 652D, comment a).

Here, there are no allegations in Plaintiff's Amended Complaint that the statements made by the XRimz employees about the Plaintiff were made public, or communicated to anyone besides the Plaintiff. As a result, the "publicity" element is absent from Plaintiff's allegations and this claim will therefore be dismissed.

## **CONCLUSION**

For the reasons stated above, Defendants' Motion to Dismiss (Doc. 10) will be granted in part and denied in part. An appropriate order follows.

 3/18/11  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge

11

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JONATHAN STEWART,

    Plaintiff,

CIVIL ACTION NO. 3:10-CV-2147

(JUDGE CAPUTO)

XRIMZ, LLC and FIRST CHOICE
FINANCIAL, INC., a/k/a 1st CHOICE
FINANCIAL, INC.

    Defendants,

## ORDER

**NOW**, this ___18th___ day of March, 2011, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 10) is **GRANTED** in part and **DENIED** in part as follows:

(1) Defendants' Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) is **DENIED**.

(2) Defendants' Defendants' Motion to Dismiss Plaintiff's FCEUA claim is **DENIED**.

(3) Defendants' Motion to Dismiss Plaintiff's UTPCPL claim is **GRANTED**.

(4) Defendants' Motion to Dismiss Plaintiff's Intentional Infliction of Emotional Distress claim is **GRANTED**.

(5) Defendants' Motion to Dismiss Plaintiff's False Light Invasion of Privacy Claim is **GRANTED**.

                                               /s/ A. Richard Caputo
                                               A. Richard Caputo
                                               United States District Judge