**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JONATHAN STEWART,

    Plaintiff,

                               CIVIL ACTION NO. 3:10-CV-2147

                               (JUDGE CAPUTO)

XRIMZ, LLC and FIRST CHOICE
FINANCIAL, INC., a/k/a 1st CHOICE
FINANCIAL, INC.

    Defendants,

JONATHAN STEWART,

    Counterclaim Defendant,

MYERS, BRIER & KELLY, LLP

    Crossclaim Defendant.

### <u>MEMORANDUM</u>

Crossclaim defendant Myers, Brier & Kelly, LLP's ("MBK") moves to dismiss or for the Court to grant summary judgment on plaintiff\counterclaim defendant Jonathan Stewart's claims against it.  Stewart has filed crossclaims against MBK under the Fair Debt Collection Practices Act ("FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), and the Pennsylvania Uniform Trade Practices & Consumer Protection Law ("UTPCPL").   MBK contends that it is not a debt collector under the FDCPA and FCEUA, and that Stewart did not rely on it under the UTPCPL.  The Court agrees, and will grant MBK's motion.

## BACKGROUND

Stewart initially sued defendants Xrimz, L.L.C. and First Choice Financial, Inc. over car rims he purchased from them. Stewart alleged Xrimz employees berated and harassed him after he told them he lost his job and could not pay for the rims. Stewart's complaint alleged: violations of the FCEUA (count I) and UTPCPL (count II); intentional infliction of emotional distress (count III); and invasion of privacy\false light (count IV). Xrimz and First Choice Financial brought a motion to dismiss, which the Court granted as to all counts except Stewart's FCEUA claim. MBK, defendants' counsel at the time, then filed an answer, affirmative defenses, and counterclaims (for breach of contract and unjust enrichment) in response to the remaining count. Stewart answered the counterclaims and brought three crossclaims against MBK for violations of the FDCPA, the FCEUA, and the UTPCPL.

Stewart alleges that MBK violated these laws in filing breach of contract and unjust enrichment claims over the cost of the rims because a state court had already entered judgment against him for the outstanding balance. MBK contends that it is not a "debt collector" under the FDCPA and the FCEUA, and that Stewart did not rely on MBK's conduct – an element required to satisfy the UTPCPL. MBK filed an affidavit from attorney Daniel Brier with its motion. The parties have fully briefed the motion and it is ripe for review.

## LEGAL STANDARD

The Court will treat MBK's motion as a motion to dismiss because it does not need to address attorney Brier's affidavit to dismiss Stewart's crossclaims.

2

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555).  "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether a plaintiff will ultimately prevail.  *See id.*  A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

3

## DISCUSSION

### I.    Stewart's FDCPA claim

The Court will dismiss Stewart's FDCPA claim because he has not made any factual allegations that MBK is a "debt collector" under that Act.

The FDCPA provides a remedy for consumers  subjected to abusive, deceptive or unfair debt collection practices by debt collectors. *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 400 (3d Cir.2000) (citing *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1167 (3d Cir.1987)).   The FDCPA prohibits debt collectors from harassing or abusing debtors, or using of "false, deceptive, or misleading representations" in connection with the collection of a debt. 15 U.S.C.A. § 1692d and 1692e.   Under the FDCPA, the term "debt collector" generally refers to "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).   Attorneys are not exempt from the definition of "debt collector" to the extent that they are "regularly" involved in debt collection activity. *Crossley v. Lieberman*, 868 F.2d 566, 569-70 (3d Cir.1989).

Here, Stewart has not set forth facts that state a plausible claim for relief under the FDCPA.   Stewart's allegations consist almost entirely of labels and legal conclusions, which are insufficient to survive a motion to dismiss.   Stewart's sole factual allegation is that MBK filed counterclaims for breach of contract and unjust enrichment in this suit *after* judgment was entered against him in state court.   This allegation, on its own,  is clearly insufficient to bring MBK's within the FDCPA's reach.   There are no factual allegations that

4

MBK regularly collects debts or that the firm contacted Stewart regarding the outstanding balance.  The purpose of the FDCPA is to protect debtors from abusive and deceptive debt collection practices, not to penalize lawyers who do nothing more than file a claim in court.  Therefore, the Court will dismiss this claim.

## II.    Stewart's FCEUA claim

The Court will also dismiss Stewart's FCEUA claim because the FCEUA provides an explicit exemption for MBK's activities.

The FCEAU is "Pennsylvania's analogue" to the FDCPA and it applies to both debtors and creditors. *Gigli v. Palisades Collection, LLC*, No. 3:CV-06-1428, 2008 WL 3853295 at *11 (M.D. Pa. Aug. 14, 2008).  The FCEAU states  that it is a violation of the FCEAU for a debt collector to violate any provision of the FDCPA. 73 P.S. § 2270.4(a). The FCEAU clearly states that the term "debt collector" includes, "[a]n attorney, whenever such attorney attempts to collect a debt, . . . *except* in connection with the filing or service of pleadings or discovery or the prosecution of a lawsuit to reduce a debt to judgment." 73 P.S. § 2270.3 (emphasis added).

Here, MBK's filing the counterclaims on behalf of its clients falls squarely within this statutory exemption.  Therefore, the Court will also dismiss Stewarts's FCEUA claim.

## III.    Plaintiff's UTPCPL Claim

Finally, the Court will dismiss Stewart's UTPCPL claim because he has not pled justifiable reliance on MBK's conduct.

The UTPCPL prohibits any person from engaging in "[u]nfair methods of competition and unfair or deceptive acts or practices," 73 P.S. § 201-3, and provides a non-exhaustive list of specific forbidden acts, *Id*. § 201-2(4). The Pennsylvania Supreme

Court has instructed that courts "construe [the statute] liberally to effect its object of preventing unfair or deceptive practices." *Creamer v. Monumental Properties Inc.*, 459 Pa. 450 (1974). The statute further makes available a private cause of action for "[a]ny person who purchases or leases goods or services ... and thereby suffers any ascertainable loss ..., as a result of the use or employment by any person of a method, act or practice declared unlawful." 73 P.S. § 201-9.2(a).

Because the loss must occur "as a result" of unlawful conduct under the UTPCPL, "a private plaintiff pursuing a claim under the statute must prove justifiable reliance" on the unlawful conduct, not merely that the wrongful conduct caused plaintiff's injuries. *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 221 (3d Cir.2008); *see also Yocca v. Pittsburgh Steelers Sports, Inc.*, 578 Pa. 479 (2004) (holding that for any UTPCPL claim plaintiff must show that he (1) "justifiably relied on [a] defendant's wrongful conduct or representation" and (2) "suffered harm as a result of that reliance"). Moreover, "a plaintiff bringing an action under the UTPCPL must prove ... reliance and causation with respect to *all* subsections of the UTPCPL," upon which plaintiff brings a claim. *Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 136 (3d Cir.2005) (emphasis added) (citing *Weinberg v. Sun Co.*, 565 Pa. 612 (2001)).

Here, Stewart alleges in a conclusory fashion that MBK violated the UTPCPL. However, his crossclaim contains no allegations that he relied on representations made by MBK or that he suffered any loss as a result of this reliance. As a result, this claim will be dismissed.

## **CONCLUSION**

For the reasons stated above, the Court will grant MBK's motion to dismiss.  An appropriate order follows.

 7/12/11                                                                    /s/ A. Richard Caputo
Date                                                                       A. Richard Caputo
                                                                           United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JONATHAN STEWART,

    Plaintiff,

 

 

XRIMZ, LLC and FIRST CHOICE
FINANCIAL, INC., a/k/a 1st CHOICE
FINANCIAL, INC.

    Defendants,

 

JONATHAN STEWART,

    Counterclaim Defendant,

 

 

MYERS, BRIER & KELLY, LLP

    Crossclaim Defendant.

CIVIL ACTION NO. 3:10-CV-2147

(JUDGE CAPUTO)

**ORDER**

    **NOW**, this ___12th___ day of July, 2011, **IT IS HEREBY ORDERED** that

MBK's motion to dismiss Stewart's crossclaims is **GRANTED**.


     /s/ A. Richard Caputo_____
    A. Richard Caputo
    United States District Judge