**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JONATHAN STEWART,

    Plaintiff,

CIVIL ACTION NO. 3:10-CV-2147

(JUDGE CAPUTO)

XRIMZ, LLC and FIRST CHOICE FINANCIAL, INC., a/k/a 1st CHOICE FINANCIAL, INC.

    Defendants.

## **MEMORANDUM**

Citing a lack of subject-matter jurisdiction, defendants Xrimz and First Choice Financial move for judgment on the pleadings. (Doc. 31.) Xrimz argues that plaintiff Stewart cannot possibly recover more than $75,000 under his Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. § 2270.2, claim as required to satisfy the jurisdictional requirements of 28 U.S.C. § 1332. The Court agrees and will grant Xrimz's motion.

## **BACKGROUND**

On or around August 4, 2010, Stewart purchased a set of automobile wheels from Xrimz for the amount of two-thousand five-hundred and fifty-six dollars ($2,556.00). Stewart financed the purchase through Defendant First Choice Financial. After receiving the wheels, Stewart contacted Xrimz and told them that his financial situation had changed and that he no longer wanted the wheels. Stewart alleges Xrimz told him he could not return them and that if they were not paid for in full, Xrimz would file suit. Stewart made one payment by money order. Xrimz employees allegedly then began harassing Stewart with phone calls and text messages the day after he missed his next payment.

Stewart filed his initial complaint on October 18, 2010. (Doc. 1) and an amended

complaint on October 28, 2010. (Doc. 3.)  In his amended complaint, Stewart brought claims against Xrimz and First Choice Financial for: violation of the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA") (Count I); violation of the Pennsylvania Uniform Trade Practices & Consumer Protection Law ("UTPCPL") (Count II); intentional infliction of emotional distress (Count III); and invasion of privacy\false light (Count IV).  Xrimz and First Choice Financial filed a Motion to Dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 10.)    They also filed a motion to dismiss under 12(b)(1) arguing that the jurisdictional amount under §1332 had not been met.  By order dated March 18, 2011, this Court dismissed counts two, three, and four, but not count one, the FCEUA claim.

Xrimz and First Choice Financial now renew their 12(b)(1) argument in a motion for judgment on the pleadings, claiming that since, under the FCEUA, Stewart is only entitled to, at most, treble damages (here $7,668) plus attorneys' fees and costs, it is a legal certainty that his claim does not meet the jurisdictional requirements of § 1332.

**LEGAL STANDARDS**

**I.      Judgment on the Pleadings**

Pursuant to Federal Rule of Civil Procedure 12(c), judgment on the pleadings will be granted only if "the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." *Sikirica v. Nationwide Insurance Company*, 416 F.3d 214, 220 (3d Cir.2005) (citing *Society Hill Civic Association v. Harris*, 632 F.2d 1045, 1054 (3d Cir.1980)). The court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.*

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). The pleadings are closed after an answer is filed, along with a reply to any additional claims asserted in the answer. *Austin Powder Company v. Knorr Contracting, Inc.*, 2009 WL 773695, at *1 (M.D.Pa. Mar. 20, 2009). Ordinarily, in deciding a motion for judgment on the pleadings, the court considers the pleadings and attached exhibits, undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiffs' claims are based on the documents, and matters of public record

## II.     Fed. R. Civ. P. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A motion to dismiss under Rule 12(b) (1) therefore challenges the power of a federal court to hear a claim or case. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir.2006). In the face of a 12(b)(1) motion, the plaintiff has the burden to "convince the court it has jurisdiction." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir.2000); *see also Kehr Packages v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.1991) ("When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion.").

Motions under Rule 12(b)(1) may take one of two forms. A "facial" attack "contests the sufficiency of the pleadings." *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir.2009) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 187-88 (3d Cir.2006)). The court assumes the veracity of the allegations in the complaint but must

examine the pleadings to ascertain whether they present an action within the court's jurisdiction. *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir.2007). The court should grant such a motion only if it appears with certainty that assertion of jurisdiction would be improper. *Empire Kosher Poultry, Inc. v. United Food & Commercial Workers Health & Welfare Fund of Ne. Pa.*, 285 F.Supp.2d 573, 577 (M.D.Pa.2003); *see also Kehr Packages*, 926 F.2d at 1408-09. If the complaint is merely deficient as pleaded, the court should grant leave to amend before dismissal with prejudice. *See Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir.2000).

In contrast, a "factual" attack argues that, although the pleadings facially satisfy jurisdictional prerequisites, one or more of the allegations is untrue, rendering the controversy outside the court's jurisdiction. *Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir.2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977). In such circumstances, the court is both authorized and required to evaluate the merits of the disputed allegations because "the trial court's ... very power to hear the case" is at issue. *Mortensen*, 549 F.2d at 891; *see also Atkinson*, 473 F.3d at 514. In the motion sub judice, the government presents a facial attack on the court's subject matter jurisdiction; the court will analyze the contested claim accordingly.

## DISCUSSION

The Court will grant Xrimz's and First Choice Financial's motion for judgment on the pleadings because the Court does not have subject-matter jurisdiction over this suit.

28 U.S.C.A. § 1332(a) states: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs, and is between . . . citizens of different States . . ..". The amount in controversy should be determined from the face of the complaint unless the defendant can show that the amount was determined in bad faith. *Leslie v. BancTec Service Corp.*, 928 F.Supp. 341, 348 (S.D.N.Y. 1996).  To justify dismissal for lack of subject matter jurisdiction, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Onyiuke v. Cheap Tickets, Inc.*, No. 09-891, 2009 WL 5218064 at *3 (D.N.J. Dec. 31, 2009) (quoting *St. Paul Mercury Indem. Co.*, 303 U.S. 283, 289 (1938)).  Furthermore, "[i]n determining the amount in controversy, claims for punitive damages generally must be included in the computation." *Carlough v. Amchem Prod., Inc.*, 834 F. Supp. 1437, 1457 (E.D. Pa. 1993) (citing *Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943)).

Here, from the face of what remains of Stewart's amended complaint, he seeks in Count I (the FCEAU claim) actual damages, treble damages, and attorneys' fees and costs. Even if Stewart was awarded treble damages, that amount would only be $7,668 ($2,556 x 3). That would mean for his claim to meet the jurisdictional requirement of § 1332, the attorneys' fees and costs would have to amount, minimally, to $67,332.01 – almost nine times Stewart's compensatory damages.  Since such an award of attorneys' fees would clearly be grossly excessive, the Court finds to a legal certainty that Stewart's FCEAU claim is worth less than the jurisdictional amount.  Xrimz's and First Choice Financial's motion for judgment on the pleadings will be granted.

**CONCLUSION**

The Court will grant the motion for judgment on the pleadings.  An appropriate order follows.

11/23/11                                                                       /s/ A. Richard Caputo
Date                                                                                   A. Richard Caputo
                                                                                        United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JONATHAN STEWART, | |
| Plaintiff, | CIVIL ACTION NO. 3:10-CV-2147 |
| | (JUDGE CAPUTO) |
| XRIMZ, LLC and FIRST CHOICE FINANCIAL, INC., a/k/a 1st CHOICE FINANCIAL, INC. | |
| Defendants. | |

**ORDER**

**NOW**, this ___23rd___ day of November, 2011, **IT IS HEREBY ORDERED** that defendants' motion for judgment on the pleadings (Doc. 31) is **GRANTED**. The Clerk of Courts is directed to mark the case as **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge